UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| LATASHA CRUDUP,<br><br>　　Plaintiff,<br><br>V.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>　　Defendant. | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, LaTasha Crudup ("Plaintiff" or "Ms. Crudup"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against the Defendant Federal Express Corporation ("Defendant" or "FedEx"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I & II of this Complaint, which arises out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts III & IV of this Complaint, which arises out of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("1981").

3. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within Craven County, North Carolina.

4. Plaintiff exhausted all administrative remedies in this matter.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of Wayne County, NC.

7. Defendant is a corporation registered to conduct business in the State of North Carolina.

8. Defendant may be served through its registered agent, CT Corporation System, located at 160 Mine Lake Court, Suite 200, Raleigh, NC 27615.

9. Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

10. Defendant is subject to the requirements of Title VII.

## III. FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant from July 16, 2021, through April 26, 2022.

12. Plaintiff is a member of a protected class by virtue of her race (African American).

13. Upon hire, Plaintiff was employed as a Courier/Driver at the Defendant's Raleigh, North Carolina station ("RZZA").

14. On March 20, 2022, Plaintiff transferred to Defendant's New Bern, North Carolina station ("EWNA").

15. Upon her transfer to EWNA, Plaintiff began reporting to directly to Mr. Shane Naber.

16. At this time, Plaintiff reported indirectly to Senior Manager Mr. Corey Washer and Operations Manager Mr. Phillip Everington.

17. Mr. Naber is Caucasian.

18. Mr. Washer is Caucasian.

19. Mr. Everington is Caucasian.

20. Mr. Naber, Mr. Washer, and Mr. Everington were aware of Plaintiff's protected class by at least her first day of in-person work at EWNA.

21. Mr. Naber and Mr. Washer reported to Mr. Everington.

22. Upon transfer to EWNA, Plaintiff began to experience disparate terms and conditions of her employment compared to her non-African American counterparts.

23. Plaintiff was forbidden by Mr. Naber from writing addresses on her boxes to organize deliveries.

24. Caucasian (or non-African American) Couriers, including "Ashley", "Kat"[1], and Mr. Donald Kramer, were not similarly forbidden from writing addresses on their boxes.

25. Plaintiff was not permitted to utilize her phone's GPS navigation to organize her delivery routes.

26. Caucasian (or non-African American) Couriers, including Ashley, Kat, and Mr. Kramer, were not similarly prevented from using their phone's GPS system to organize their delivery routes.

27. Plaintiff was informed she may not use earbuds during her shifts by Mr. Naber.

28. Caucasian (or non-African American) Couriers, including Ashley, Kat, and Mr. Kramer, were permitted to use earbuds.

29. Ashley, Kat, and Mr. Kramer all worked under the same chain of command as Plaintiff.

30. The inconsistent application of these rules resulted in Caucasian (or non-African American) Couriers being able to work more efficiently than their African American counterparts.

31. On April 5, 2022, Plaintiff was issued a notice of deficiency carrying a one-day suspension by Mr. Naber for allegedly scraping the side of Plaintiff's delivery truck.

32. Plaintiff denied any knowledge of the vehicle damage and said she was not responsible for it.

33. Defendant refused to consider Plaintiff's response to the allegations.

---

[1] Plaintiff does not know the last names for Ashley or Kat.

34. Defendant did not similarly refuse to accept responses from non-African American Couriers while investigating incidents of damage to trucks.

35. On April 6, 2022, Plaintiff requested to speak with Mr. Jeremy Coleman, Defendant Human Resources, about concerns regarding the suspension and disparate treatment of employees.

36. Mr. Coleman is Caucasian.

37. Mr. Coleman did not respond to Plaintiff's April 6 request.

38. On April 15, 2022, Plaintiff again contacted Mr. Coleman to follow up on her April 6 request.

39. In that text message communication, Plaintiff stated that she felt she was being discriminated against as a black woman.

40. Plaintiff further stated that she was subjected to ongoing harassment by members of management related to her race.

41. Mr. Coleman called Plaintiff at this time.

42. Plaintiff reiterated her concerns by phone to Mr. Coleman, specifically that non-African American employees were able to take actions that African American employees could not.

43. Plaintiff expressed that the disparate treatment of employees based on race led to greater disciplinary actions for African American employees.

44. Mr. Coleman became angry at the accusations.

45. Mr. Coleman advised Plaintiff that he would send her paperwork for an internal discrimination complaint before ending the call abruptly.

46. On April 15, 2022, Mr. Coleman sent Mr. Washer materials via email for Plaintiff for filing a complaint with the Office of Institutional Equity and Equal Opportunity ("IEEO")

47. On April 18, 2022, Plaintiff received the IEEO materials.

48. By sending the IEEO information, Mr. Coleman affirmed he understood the discriminatory basis of Plaintiff's reported concerns.

49. Mr. Washer was similarly aware of Plaintiff's reports of discrimination based on the IEEO materials.

50. On April 20, 2022, Plaintiff was suspended by Mr. Washer's supervisor, Mr. Everington, pending an investigation into scrapes on a truck.

51. Plaintiff was unaware of the alleged scrapes.

52. Trucks were not exclusively assigned to any one Courier, therefore Plaintiff did not drive the damaged truck exclusively.

53. Defendant alleged the damage occurred on or about April 1, 2022.

54. Defendant's April 5, 2022, investigation of Plaintiff's truck did not uncover or mention any purported damage as described from the April 20, 2022, investigation.

55. On April 26, 2022, Plaintiff was issued a notification of deficiency for this incident.

56. Defendant refused to provide Plaintiff with requested access to the video surveillance footage evidencing their findings.

57. On April 26, 2022, Defendant terminated Plaintiff.

58. Plaintiff is aware of non-African American Couriers working under the same chain of command who scraped trucks and were not similarly issued notifications of deficiency.

59. Plaintiff is aware of non-African American Couriers working under the same chain of command who were involved in motor vehicle accidents with their trucks and were not issued notifications of deficiency.

60. Plaintiff is aware of Caucasian (or non-African American) employees working under the

same chain of command who accrued at least three notifications of deficiency but were not similarly terminated, including Mr. Kramer.

## IV. CLAIMS FOR RELIEF

### COUNT I: TITLE VII DISCRIMINATION

61. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as thought fully and completely set forth herein.

62. Plaintiff is a member of a protected class by virtue of her race.

63. Defendant was aware of Plaintiff's race.

64. Plaintiff suffered the adverse action of termination.

65. The circumstances of Plaintiff's termination establishes that the adverse action was discriminatory based on Plaintiff's race.

66. Alternatively, the circumstances of Plaintiff's termination establishes that Plaintiff's race served as motivation for the adverse action.

### COUNT II: TITLE VII RETALIATION

67. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as thought fully and completely set forth herein.

68. Plaintiff engaged in protected activity under Title VII.

69. Plaintiff was subjected to the adverse action of termination.

70. The temporal proximity between Plaintiff's protected activity and her termination supports an inference of causation.

### COUNT III: SECTION 1981 DISCRIMINATION

71. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as thought fully and completely set forth herein.

72. Plaintiff is a member of a protected class by virtue of her race.

73. Defendant was aware of Plaintiff's race.

74. Plaintiff suffered the adverse action of termination.

75. The circumstances of Plaintiff's termination establishes that the adverse action was discriminatory based on Plaintiff's race.

## COUNT IV: SECTION 1981 RETALIATION

76. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as thought fully and completely set forth herein.

77. Plaintiff engaged in protected activity under Section 1981.

78. Plaintiff was subjected to the adverse action of termination.

79. The temporal proximity between Plaintiff's protected activity and her termination supports an inference of causation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with Title VII and Section 1981; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 12th day of May, 2023.

THE KIRBY G. SMITH LAW FIRM, LLC

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 12th day of May, 2023.

THE KIRBY G. SMITH LAW FIRM, LLC


/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*